

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

BTK:NDB
F. #2018R00243

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 30, 2024

By ECF and Courtesy Copy by Hand

The Honorable Dora L. Irizarry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. John Doe
             Criminal Docket No. 18-264 (DLI)

Dear Judge Irizarry:

      The government respectfully submits this letter in advance of defendant's March 15, 2024 sentencing.

I.    Facts

      The case against the defendant arose out of an investigation by the Drug Enforcement Administration ("DEA") and Internal Revenue Service ("IRS") into a ring of narcotics distributors operating in and around Brooklyn and Queens, New York.  See Oct. 25, 2023 Pre-Sentence Investigation Report ("PSR") ¶ 4.  Witnesses, physical surveillance, and other corroborating evidence revealed that the defendant was both being supplied and, in turn, supplying cocaine to other co-conspirators and street-level users.  PSR ¶¶ 5-7.

      On February 13, 2018, Doe was arrested and charged by complaint with conspiracy to distribute and possess with intent to distribute at least 5 kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(B)(1)(A)(ii)(II).  The defendant accepted responsibility for his criminal conduct and, on June 21, 2018, Doe pled guilty before Your Honor to a single-count Information charging him with conspiracy to distribute and possess with intent to distribute at least 5 kilograms of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(B)(1)(A)(ii)(II).  PSR ¶ 1.

II.        Guidelines Calculation

The government agrees with the PSR's United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") calculation. That calculation results in a total offense level of 25. PSR ¶¶ 12-21. Because the defendant has no prior criminal history, he falls into Criminal History Category I. PSR ¶¶ 22-28. A total offense level of 25 and a Criminal History Category of I corresponds to an advisory Guidelines sentencing range of 57 to 71 months' imprisonment. PSR ¶ 54. Nonetheless, the defendant faces a mandatory minimum of ten years. See 21 U.S.C. 841(b)(1)(A).

III.       Discussion

As the Court is aware, it is directed to impose a sentence that would be sufficient, but not greater than necessary, to achieve the goals of sentencing as set forth in Title 18, United States Code, Section 3553(a), and that would appropriately reflect the seriousness of the defendant's criminal conduct, promote respect for the law, provide just punishment and deter the defendant and others from committing similar crimes in the future. See 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B).

    A.    The Applicable Law

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [it] may not presume that the Guidelines range is reasonable. [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).

Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)    to afford adequate deterrence to criminal conduct; [and]

        (C)    to protect the public from further crimes of the defendant.

Section 3553 also addresses the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). "[I]n determining whether

to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [the Court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582(a).

It is well-settled that, at sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988). Indeed, Title 18, United States Code, Section 3661 expressly provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Thus, the Court must first calculate the correct Guidelines range, and then apply the 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

    B.    Discussion

The offense conduct here is undoubtedly serious. As the Court is aware, addictive narcotics like cocaine have a tremendous and negative impact on our community, ruining the lives of those who succumb to addiction and their families. The defendant, like other drug dealers, engaged in selling cocaine for greed and he profited at the expense of his customers.

The defendant's criminal history indicates that, at approximately the same time he commenced the instant offense, he was also engaged in selling a limited quantity of ketamine and fentanyl. PSR ¶ 23. He was raised in a loving family, albeit in poverty. PSR ¶ 33. He left school in the 10th grade to work, so he could help provide for his family. He has worked hard since that time almost without interruption.

IV.    Conclusion

For the reasons set forth above, the government requests that the Court impose a sentence that is sufficient but not greater than necessary after taking into account all of the sentencing factors and balancing the countervailing interests.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/
Nomi D. Berenson
Assistant U.S. Attorney
(718) 254-6308

cc:    Nancy Bartling, Esq. (by email)
       Erica Vest, Probation (by email)